FILED
2026 Aug-14 PM 02:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | |
|---|---|
| **OMAR ANTONIO LOPEZ,**<br><br>**Plaintiff**,<br><br>**v.**<br><br>**47 BRAND, LLC, *et al.*,**<br><br>**Defendants**. | **Case No. 5:26-cv-1115-HDM** |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Omar Antonio Lopez, proceeding *pro se*, sues Defendants 47 Brand, LLC ("47 Brand"), New Era Cap Company, Inc. ("New Era"), and Club Forty7 for (1) "Bad-Faith Cultural Appropriation and Unfair Competition" under the Lanham Act (15 U.S.C. § 1125(a)); (2) "Targeted Economic Neutralization and Civil Rights Deprivation" under 42 U.S.C. § 1983; and (3) "Enterprise-Level Obstruction and Digital Spoliation" under the federal wire-fraud statute (18 U.S.C. § 1343) and the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1961 *et seq.*). (Doc. 7). The court previously granted Lopez *in forma pauperis* status, screened and dismissed his complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(b)(6), and allowed him one opportunity to file an amended pleading. (Doc. 4). Lopez subsequently filed an Amended Complaint, (doc. 7), which the court once again screens under

§ 1915(e)(2)(B)(ii) because Lopez proceeds *in forma pauperis*. The court finds that Lopez's Amended Complaint, like his original Complaint, fails to state a claim upon which relief can be granted and accordingly **DISMISSES** his Amended Complaint.

**BACKGROUND**

From Lopez's incomprehensible and conspiracy-laden Amended Complaint, the court gleans the following facts, accepted here as true:

Lopez "established" a "baseline framework" (of what, he does not specify) in the early 2000s, "leaving zero authentic cultural value or independent origin to any opposing entity." (Doc. 7 at 2). The "underlying digital record" of these events was "manipulated and distorted" by "enterprise-level interference." *Id.* at 3. Lopez repeatedly references this "enterprise" but does not explain what it consists of. *See, e.g.*, *id.* Furthermore, the "corrupted digital timeline has been artificially truncated and forced to shut off abruptly at August 2010, confirming an active, bad-faith attempt by the enterprise to erase [Lopez's] pre-existing digital footprint." *Id.*

Once Lopez established this "baseline framework," it was subject to "industry-wide adoption . . . ranging from historical hip-hop nomenclature developments to modern stylistic and lyrical parallels." *Id.* Indeed, "contemporary artists and commercial entities continually draw upon and echo [Lopez's] foundational output without independent historical genesis." *Id.* Lopez takes issue with "the industry's" use of his "framework" because he "originated, pushed, and

breathed living culture into the nomenclature continuously from 2000 to the present day, creating the living momentum and universal market equity that opposing corporate entities later sought to capture." *Id.* at 4. This is evidenced by Lopez's "permanent personal tattoo, public video documentation on platforms like YouTube, and the distinct physical hand sign created and thrown by [Lopez] (holding four fingers up with the left hand, turning the index finger down, and extending the thumb to the left to form the symbol)." *Id.*

Defendant Club Forty7 was known for years as The Green Room. *Id.* Following the passing of Lopez's sister in 2012, Lopez and his associates wore "custom memorial and movement t-shirts" inside The Green Room. *Id.* "Observing the powerful cultural resonance and public impact generated by [Lopez], Defendants and local venue actors abruptly stripped away the historical 'Green Room' identity and appropriated the nomenclature through late rebranding efforts to capture the equity built entirely by [Lopez]." *Id.* The undefined "Enterprise" then "engaged in digital spoliation and record manipulation—artificially altering database markers, injecting the 1969 anomaly, and hard-stopping archives at August 2010—in a bad-faith attempt to manufacture a false corporate priority over Plaintiff's pre-existing cultural output." *Id.*

Lopez requests $10,274,358.97 in damages from each Defendant, though he, confusingly, makes a "global master demand of $400,700,000.00." *Id.* at 6.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), when a party is proceeding *in forma pauperis*, the court shall dismiss the case if it determines that the action fails to state a claim on which relief may be granted. To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (citation modified). Similarly, a formulaic recitation of the elements of a cause of action is inadequate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering the facts, courts view the allegations in the complaint in the light most favorable to the party facing dismissal of its claims. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). The plaintiff must merely allege enough facts to "raise a reasonable expectation that discovery will reveal evidence" of the necessary elements. *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556). The pleading standard "requires only a plausible short and plain statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation marks omitted). At this stage, the issue is "not whether [the plaintiff] will ultimately prevail . . . but whether his complaint was

sufficient to cross the federal court's threshold." *Id.* (internal quotation marks and citations omitted).

## DISCUSSION

Lopez's Amended Complaint must be dismissed in its entirety.

### I. 47 Brand, LLC and New Era Cap Company, Inc.

In the court's previous order dismissing Lopez's complaint, the court specified that if he chooses to file an amended pleading, he "**SHALL** identify each claim he asserts, the legal basis for each claim, *and the specific facts supporting each claim such that Defendants can fashion an appropriate response*." (Doc. 4 at 5) (emphasis added). While Lopez has identified the federal statutes under which he sues and has provided some minimal facts relating to Club Forty7, he provides no factual allegations relating to Defendants 47 Brand or New Era.[1] Accordingly,

---

[1] Lopez's only mention of these two Defendants in the Amended Complaint is in a separate "Defendant Liability Mapping & Apportionment" section of his complaint. The brief references provide no intelligible facts relating to either Defendant. They state, in full:

> 47 BRAND LLC: Direct bad-faith colonization of Plaintiff's consumer cultural imprint and universal nomenclature equity, pivoting from B2B status to exploit Plaintiff-generated equity in violation of federal unfair competition law (15 U.S.C. § 1125(a)). Apportioned Liability: $10,274,358.97.
>
> NEW ERA CAP CO., INC.: Corporate backing, acquisition, and distribution expansion designed to shield the enterprise and capitalize on misappropriated cultural property under civil conspiracy frameworks. Apportioned Liability: $10,274,358.97.

Lopez's claims against those Defendants fail to comply with both the court's requirements for repleader, *see id.*, and the pleading requirements applicable under Rule 12(b)(6), and therefore they are due to be dismissed.

## II. Club Forty7

Lopez's claims against Club Forty7 are likewise due to be dismissed.

### A. Lanham Act

To establish a claim for unfair competition under 15 U.S.C. § 1125(a)(1), "a plaintiff must show (1) that the plaintiff had enforceable rights in the mark or name, and (2) that the defendant made unauthorized use of it such that consumers were likely to confuse the two." *Crystal Ent. & Filmworks, Inc. v. Jurado*, 643 F.3d 1313, 1320 (11th Cir. 2011) (citation modified). Lopez never alleges a likelihood of consumer confusion. (*See* Doc. 7). His allegation that Club Forty7 intended to capitalize on cultural value he created does not sufficiently allege likely consumer confusion. Accordingly, Lopez's Lanham Act claim is due to be dismissed, and the court need not determine whether Lopez has any enforceable rights in a mark or name.

---

(Doc. 7 at 6). Lopez's "Factual Allegations" are devoid of any mention of either Defendant. *See id.* at 2–5.

**B. § 1983**

Lopez next attempts to sue Club Forty7 under 42 U.S.C. § 1983. To state a § 1983 claim, Lopez "must allege that a person acting under color of state law deprived him of a federal right." *McIndoo v. Broward Cnty.*, 750 F. App'x 816, 819 (11th Cir. 2018). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). This means that a plaintiff cannot sue a private party under § 1983. *Id.* Because Club Forty7 is a private party not acting under color of state law, Lopez cannot sue it under § 1983, and his § 1983 claim is due to be dismissed.

**C. Wire Fraud and Racketeering**

Finally, Lopez brings a claim for wire fraud and racketeering. "To successfully allege a pattern of racketeering activity, plaintiffs must charge that: (1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a continuing nature." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1264 (11th Cir. 2004) (emphasis omitted). And "wire fraud requires (1) intentional participation in a scheme to defraud, and, (2) the use of the interstate mails or wires in furtherance of that scheme." *United States v.*

*Santoyo*, No. 23-10412, 2024 WL 3026046, at *5 (11th Cir. June 17, 2024) (internal quotation marks omitted). Lopez successfully alleges neither a pattern of racketeering activity nor wire fraud, and it is not a close call.

Lopez instead alleges that somebody manipulated his Facebook Messenger history, including an anomalous "1969" timestamp and an archive cutoff in August 2010, and simply labels this "spoliation," "database tampering," and "racketeering predicate acts." (Doc. 7). He does not allege who altered the records, how any named defendant had access to them, what interstate wire communication constituted the fraud, what representation was fraudulent, or how the alleged scheme was designed to obtain money or property from anyone. *Id.* Accordingly, Lopez's racketeering and wire fraud claim is due to be dismissed.

## CONCLUSION

Lopez's entire Amended Complaint must be dismissed. In compliance with Eleventh Circuit precedent, when the court dismissed Lopez's original Complaint for failure to state a claim, the court gave Lopez one opportunity to amend his complaint before it would be dismissed with prejudice. (Doc. 4 at 5 (citing *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)). Having once again failed to state a claim upon which relief can be granted, Lopez's Amended Complaint is **DISMISSED WITH PREJUDICE**. A separate final judgment will be entered contemporaneously with this Order.

**DONE** and **ORDERED** on August 14, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE