FILED
2026 Oct-07 PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | |
|---|---|
| **OMAR ANTONIO LOPEZ,**<br><br>**Plaintiff**,<br><br>**v.**<br><br>**47 BRAND, LLC,** ***et al.*****,**<br><br>**Defendants**. | **Case No. 5:26-cv-1115-HDM** |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Omar Antonio Lopez, proceeding pro se, filed a complaint against Defendants 47 Brand, LLC ("47 Brand"), New Era Cap Company, Inc. ("New Era"), and Club Forty7 on June 29, 2026. (Doc. 1). The case is before the court on Lopez's two Motions for Relief from Judgment, (docs. 15; 16). Lopez's motions seek relief from final judgment in this case under Federal Rule of Civil Procedure 60(b)(1) and (6). For the reasons below, both motions are due to be **DENIED**.

## BACKGROUND

The court first dismissed Lopez's claims without prejudice on July 14, 2026, under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. (Doc. 4). After Lopez filed an amended complaint, (doc. 7), the court reviewed it again under 28 U.S.C. § 1915(e)(2)(B)(ii), found that it still failed to

state a claim, and thus dismissed the action with prejudice on August 14, 2026, (doc. 9). Lopez then filed two motions under Rule 59(e) asking the court to alter or amend its judgment without stating a proper basis for the court to do so. (Docs. 11; 13). Accordingly, the court denied those motions. (Docs. 12; 14). Lopez then filed two Motions for Relief from Judgment under Rule 60(b) asking the court to vacate its judgment and reopen the case. (Docs. 15; 16). Lopez attached a proposed amended complaint to his first motion, requesting leave to file said complaint in addition to the Rule 60 relief. (Doc. 15-1).

## LEGAL STANDARD

"Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (internal quotation marks omitted). Courts may reopen a final judgment under Rule 60(b)(1) when there is "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(2)–(b)(5) provides other grounds for granting such relief. "Finally, Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief.'" *Id.*

When a party seeks Rule 60(b) relief, he must establish "a justification for relief so compelling" that the court is "*required* to grant [his] motion." *Jones v. Hugine*, No. 22-13366, 2023 WL 4340514, at *4 (11th Cir. July 5, 2023) (quoting

*Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996)). Rule 60(b) motions cannot be used "to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment." *Startley Gen. Contractors, Inc. v. Water Works Bd.*, 857 F. App'x 540, 543 (11th Cir. 2021) (quoting *Rice*, 88 F.3d at 919). There is "a high standard for granting post[-]judgment relief under Rule 60(b)." *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007). Because Lopez proceeds without counsel, the court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction does not allow the court to rewrite a deficient pleading, supply facts that have not been alleged, or disregard the minimum requirements of the federal rules. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

## DISCUSSION

Lopez has not carried his burden as the movant for Rule 60(b) relief to establish adequate grounds for the court to reopen his case. Neither of Lopez's motions for Rule 60(b) relief does more than state that granting relief is necessary to avoid "manifest injustice," (doc. 15 at 2), or "a manifest miscarriage of justice," (doc. 16 at 1). This does not present the court with "a justification for relief so compelling" that it should be "required" to grant these motions. *Jones*, 2023 WL 4340514, at *4. Accordingly, both motions are due to be denied.

## I. First Motion (Doc. 15)

Lopez's first motion presents no facts to support granting the motion. After his vague, conclusory statement that "relief from prior judgment is warranted to prevent manifest injustice resulting from initial pleading overbreadth," (doc. 15 at 2), Lopez provides no facts or further argument on whether Rule 60(b) relief is proper and simply attaches a proposed amended complaint, (doc. 15-1).

There is a high standard for granting Rule 60(b) relief, and requests for such relief cannot be used to reassert the reasons the movant believed his prior allegations were sufficient. *Zakrzewski*, 490 F.3d at 1267; *Startley*, 857 F. App'x at 543. In *Startley*, the Eleventh Circuit held that a district court did not abuse its discretion in denying two Rule 60(b) motions. 857 F. App'x at 543. The movants there identified, among other reasons, "the need to correct a manifest injustice" as one basis for reopening judgment in the case. *Id.* The court found that the movants did "not identify which subsection of Rule 60 they rely on," and did not actually discuss "why Rule 60 would have afforded them relief." *Id.* The court further found that the movants "fail[ed] to directly respond to the district court's concerns, nor [did] they argue that the district court erred by, for example, relying on an incorrect standard of law." *Id.* at 543–44. Rather, the Rule 60(b) motions were merely attempts "to relitigate old matters" and "reassert the same reasons previously raised as to why they think their allegations are sufficient," and thus were due to be denied. *Id.* at 544.

Similarly, Lopez does not actually discuss why Rule 60 should afford him relief in either of his motions, and only his first motion invokes specific subparts of Rule 60. The motion argues that under Rule "60(b)(1) and (6), relief from the prior judgment is warranted to prevent manifest injustice resulting from initial pleading overbreadth." (Doc. 15 at 2). Beginning with Rule 60(b)(1), the court finds no "mistake, inadvertence, surprise, or excusable neglect" in Lopez's noncompliance with the court's order to amend his complaint in accordance with Rule 8,[1] (doc. 4). Although "mistake" under Rule 60(b)(1) does encompass a judge's mistakes of law, *see Kemp*, 596 U.S. at 535, the only "mistake" or "neglect" Lopez identifies is his own "pleading overbreadth," (doc. 15 at 2). Lopez's failure to address the pleading issues identified in the court's order is not the kind of excusable "mistake" or "neglect" that qualifies a party for relief under Rule 60(b)(1).

Courts also have discretion to relieve a party from final judgment under Rule 60(b)(6) for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under subsection (b)(6) "should only be applied in extraordinary circumstances." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988) (internal quotation marks omitted). Nothing in Lopez's motion or the record convinces the court that there are extraordinary circumstances here justifying Rule 60(b)(6) relief.

---

[1] "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(1)–(2).

Lopez's motion fails to argue why Rule 60 should afford him relief from a final judgment here. Although his proposed amended complaint narrows his previous assertions to one claim, it entirely ignores most of the court's concerns set out in its order dismissing his first and amended complaints. (*See* Docs. 4 at 4–5; 9 at 5–6).[2] Instead, it largely restates the conclusory allegations laid out in Lopez's prior complaints. As in *Startley*, 857 F. App'x at 544, this motion does not properly state the grounds for Rule 60 relief and instead attempts to assert that Lopez's previous allegations were sufficient to state a claim. Accordingly, Lopez's first Motion for Relief from Judgment, (doc. 15), is **DENIED**.

## II. Second Motion (Doc. 16)

Lopez's second motion does not actually state what specific grounds under Rule 60(b) qualify him for relief. *See Startley*, 857 F. App'x at 543. Rather, the motion's conclusory statement argues that relief is warranted "to correct the application of pleading standards, establish that genuine factual issues require examination, and prevent a manifest miscarriage of justice resulting from premature dismissal before a factual record could be developed." (Doc. 16 at 1). The motion then sets out a "Corrected Factual Theory" as well as a section arguing the "Necessity of Discovery." *Id.* at 2–3.

---

[2] For example, the proposed amended complaint still does not allege any facts supporting New Era's liability, and it fails to assert a cognizable cause of action. *See infra* Part III.

Construed broadly, Lopez's pro se motion wishes to "correct," presumably under Rule 60(b)(1), the court's "application of pleading standards" to his previous complaints. Lopez does not identify how the court erred in applying pleading standards to his prior two complaints. Indeed, his first Rule 60(b) motion even admits that his earlier complaints contained "structural defects," contradicting the assertion that there was an error in applying pleading standards. (Doc. 15 at 2). Regardless, having once again reviewed Lopez's prior complaints, the court does not find that it erred in dismissing them even under the broad construction afforded pro se pleadings. *See Erickson*, 551 U.S. at 94. Construing Lopez's pleadings broadly did not require the court to rewrite his deficient pleading, supply facts that he failed to allege, or disregard the minimum requirements of the federal rules. *See Campbell*, 760 F.3d at 1168–69. To the extent the motion seeks relief under Rule 60(b)(6) to "prevent a manifest miscarriage of justice," (doc. 16 at 1), the court still finds no extraordinary circumstances here justifying such relief.

The "Corrected Factual Theory" and "Necessity of Discovery" sections of the motion argue that Lopez is entitled to proceed to discovery based on the same arguments he made in his previous complaints. (Doc. 16 at 3–4). Lopez's attempt to assert that his previous allegations were sufficient to state a claim is not a proper basis for granting his motion. *See Startley*, 857 F. App'x at 544. Accordingly, Lopez's second Motion for Relief from Judgment, (doc. 16), is **DENIED**.

### III. Futility of Amendment

Alternatively, even if Lopez had asserted a proper basis under Rule 60(b), the court would still deny the motion to file his proposed amended complaint as futile. A court may refuse to vacate a judgment and allow amendment of a complaint when such amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall*, 367 F.3d at 1263 (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)). Lopez's proposed amended complaint would still be subject to dismissal because, like his previous complaints, it fails to state a claim.

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)). Similarly, "a formulaic recitation of the elements of a cause of action" is inadequate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Lopez's amended complaint relies on insufficiently pleaded facts and the conclusory statement that Defendants' actions "constitute[] common law unfair

competition and misappropriation of established market goodwill." A "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, fails to meet the Rule 8 standard, and Lopez's complaint falls short of even this—it does not identify the elements of his claim of "Common Law Unfair Competition and Misappropriation of Goodwill," (*see* doc. 15-1). There is no distinct Alabama common law cause of action for "unfair competition," *see L.A. Draper & Son, Inc. v. Wheelabrator-Frye, Inc.*, 813 F.2d 332, 335–36 (11th Cir. 1987) ("Alabama does not recognize a tort that is distinctly called 'unfair competition.'"), or "misappropriation of goodwill." Lopez identifies no legal basis and recites no elements for the claim. As pleaded, he may be attempting to assert a cause of action akin to interference with business relations, common law trademark infringement, both, or something else entirely.[3] Lopez's proposed complaint thus "requires Defendants and the [c]ourt to speculate what law or statute acts as the legal basis for this claim, which is unacceptable, as a defendant cannot prepare an adequate defense if it does not know what claims are being brought against it." *Patterson v. Bryan Cnty.*, No. 4:23-cv-225, 2025 WL 948058, at *7 (S.D. Ga. Mar. 28, 2025). Such

[3] To the extent Lopez attempts to assert a common law trademark infringement claim, it fails to state a claim for the same reason the court dismissed his Lanham Act claim. (*See* Doc. 9 at 6); *Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1026 n.14 (11th Cir. 1989) ("[A]n unfair competition claim based only upon alleged trademark infringement is practically identical to an infringement claim."). The Lanham Act's "likelihood of confusion" test is also a central element of a common law trademark infringement claim in Alabama, *Fuqua v. Roberts*, 110 So. 2d 886, 887 (Ala. 1959); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1175 (M.D. Ala. 2008), and Lopez's proposed amended complaint fails to allege any facts related to consumer confusion.

complaints are due to be dismissed. *See, e.g.*, *id.*; *Hamilton v. Carrington Mortg. Servs. LLC*, No. 1:24-cv-3765, 2024 WL 4649383, at *3 (N.D. Ga. Sept. 6, 2024), *report and recommendation adopted*, 1:24-cv-3765, 2024 WL 4649383 (N.D. Ga. Oct. 3, 2024). Accordingly, Lopez's proposed amended complaint would be dismissed for failure to state a claim and allowing him to file it would be futile.

## CONCLUSION

Lopez's motions do not adequately identify any grounds under Rule 60(b) that would afford him relief or allege facts to support his threadbare assertions that he is entitled to such relief. Alternatively, Lopez fails for a third time to state a claim for relief in his proposed amended complaint and allowing him to file it would be futile.

Accordingly, both of Lopez's Motions for Relief from Judgment, (docs. 15; 16), are **DENIED**. The court **DIRECTS** the Clerk of Court to mail a copy of this Order to pro se Plaintiff Omar Antonio Lopez at his address of record.

**DONE** and **ORDERED** on October 7, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE